```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
           SOUTHERN DIVISION
```

JON-CLAUDE COLLINS KIDD,         *
                                 *
     Petitioner,                 *
                                 *
vs.                              *  CIVIL ACTION NO. 21-00256-TFM-B
                                 *
NOAH PRICE OLIVER,               *
Warden,                          *
                                 *
     Respondent.                 *

## REPORT AND RECOMMENDATION

This action is before the Court on review. On March 8, 2021,[1] Jon-Claude Collins Kidd, a Mobile County Metro Jail inmate proceeding *pro se*, filed an untitled document in which he "insist[ed] on" his innocence, sought to "invoke [his] right to a jury trial," and asked a Mobile Municipal Court judge to "vindicate [him] justly." (Doc. 1). On May 13, 2021, Kidd filed a motion to proceed without prepayment of fees. (Doc. 2). The body of the motion listed a free-world address for Kidd, but the motion came in an envelope indicating that Kidd was still incarcerated in Mobile County Metro Jail. (See id. at 1, 4-5). This action was

---

[1] Under the mailbox rule, a prisoner's *pro se* complaint or petition is deemed filed on the date it is delivered to prison officials for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam). Absent evidence to the contrary, that date is presumed to be the date the prisoner signed the motion. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636(b)(1). (Doc. 4).

In an order dated June 25, 2021, the undersigned noted that it was unclear from Kidd's filing what type of action he was bringing, what claims he was attempting to assert, and what relief he was seeking. (Doc. 3 at 3). The Court observed that although it appeared that Kidd was no longer in custody,[2] Kidd's filing did not indicate the posture and disposition of his criminal case. (Id. at 2-3). Specifically, the Court noted that it was not clear whether Kidd was challenging his detention on a pending charge or challenging a conviction or sentence under a judgment that had already been entered against him. (Id. at 3).

The Court informed Kidd that a prisoner may seek federal relief under two primary avenues: a petition for writ of habeas corpus and a complaint under 42 U.S.C. § 1983. (Id.). The Court explained to Kidd the difference between a habeas petition brought under 28 U.S.C. § 2241, a habeas petition brought under 28 U.S.C. § 2254, and a civil rights complaint brought under 42 U.S.C. § 1983. (Id. at 3-4). The Court ordered Kidd, if he desired to proceed with this action, to file either a § 2241 habeas petition,

---

[2] Searches of the Mobile County Sheriff's Office's booking website and the Alabama Department of Corrections' inmate locator reflected that Kidd was not incarcerated in Mobile County Metro Jail and was not in ADOC's custody.

2

a § 2254 habeas petition, or a § 1983 civil rights complaint by July 26, 2021, depending on which type of action was appropriate given his claims and circumstances. (Id. at 6). The Court also ordered Kidd to file a new motion to proceed without prepayment of fees using this Court's required form for such motions by July 26, 2021. (Id.).

The Court expressly warned Kidd that failure to fully comply with the directives in the order or to immediately advise the Court of a change in his address would result in a recommendation that this action be dismissed without prejudice for failure to prosecute and obey the Court's order. (Id. at 7). The Court directed the Clerk to mail to Kidd, both at Mobile County Metro Jail and at the free-world address listed in his IFP motion, copies of the Court's order dated June 25, 2021 and this Court's current forms for a § 2241 habeas petition, a § 2254 habeas petition, a § 1983 prisoner complaint, and a motion to proceed without prepayment of fees. (Id.).

A review of the docket reflects that Kidd has filed nothing in response to the Court's order dated June 25, 2021. The docket further reflects that the copy of the Court's order that was mailed to Kidd at Mobile County Metro Jail was returned as undeliverable, with the notation: "Released 5/21/2021." (Doc. 5). However, the copy that was sent to the free-world address provided by Kidd has not been returned as undeliverable.

3

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[3] "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

In this case, the record reflects no attempts by Kidd to comply with the Court's order, to seek additional time to comply with the Court's order, or to explain his failure to timely comply with the Court's order. The record further reflects that Kidd was released from jail on May 21, 2021. Additionally, the copy of the

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Court's order that was sent to Kidd's free-world address was not returned as undeliverable, suggesting that Kidd received the order. Under these circumstances, Kidd's lack of action following entry of the Court's order strongly suggests that he has lost interest in this case.

In light of Kidd's inaction, and upon consideration of the alternatives available to the Court, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority. Indeed, it appears based on the circumstances described above that Kidd has lost interest in this action, and that no lesser sanction will suffice to induce compliance with the Court's directives.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on

5

unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **10th** day of **November, 2021.**

                                         /s/ SONJA F. BIVINS
                                   **UNITED STATES MAGISTRATE JUDGE**